IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **JESSICA GLAZER MORGAN,** *Plaintiff*, v. **CENTER FOR CREATIVE LEADERSHIP,** *Defendant*. | **CASE NO.: 1:21-CV-733** |

COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Jessica Glazer Morgan ("Morgan"), complaining of the Defendant, Center for Creative Leadership ("CCL"), and states the following to be true:

**INTRODUCTION**

1   This action concerns CCL's termination of Morgan's employment while Morgan was on FMLA-protected leave, shortly following Morgan's complaint that CCL was valuing paid time off unlawfully pursuant to guidance from the North Carolina Department of Labor ("NCDOL") and Morgan's own contact with NCDOL.

2   Each paragraph of this Complaint incorporates all others, and each exhibit to this Complaint is incorporated as though fully laid out herein.

-1-

## PARTIES, JURISDICTION, AND VENUE

3	Morgan is a resident of Guilford County, North Carolina, and is neither a minor nor incompetent.

4	CCL is a domestic non-profit corporation, with its principal office in Guilford County, North Carolina.

    4.1	This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises out of the Family and Medical Leave Act; and/or

    4.2	With regard to Plaintiff's state law claims, 28 U.S.C. § 1367(a), as the state law claims form part of the same case or controversy as those giving rise to original jurisdiction.

5	This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    5.1	Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    5.2	N.C. Gen. Stat. § 1-75.4(1)(c), as CCL was a domestic corporation at the time service of process was made upon it.

    5.3	N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Morgan's person or property.

6    Venue is proper in this Court pursuant to any/all of the following:

    6.1    28 U.S.C. § 1391(b)(1), as Defendant is a resident of the Middle District of North Carolina; and/or

    6.2    28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina.

## FACTUAL ALLEGATIONS

7    Morgan worked for CCL from approximately April 2015 through June 30, 2020.

8    Morgan's position with CCL was that of Senior Faculty.

9    CCL employed at least 50 employees within a 75-mile radius of Morgan's location.

10    Morgan worked at least 1250 hours in the year preceding her termination.

11    Morgan performed her job to the reasonable expectations of CCL, receiving good performance evaluations, including her last one in or around March 2020, and having no prior disciplinary actions.

12    On or about the weeks surrounding April 5, 2020, CCL enacted significant salary reductions for most or all of its employees, cutting salaries by 5% to 30% per employee. Morgan received a 10% salary reduction as part of these cuts.

13	On or about April 13, 2020, Sandy Knight ("Knight"), CCL's HR Benefits Director, notified Morgan that her paid time off ("PTO"), which had been accrued pursuant to company policy, would be valued at the newly reduced salary, rather than her salary at the time it accrued.

14	Shortly after April 13, 2020, CCL put many employees, including Morgan, on a 5-week furlough resultant from business slowdowns related to COVID-19.

15	Between April 16 and April 27, 2020, Morgan corresponded with various supervisors and HR managers regarding what she believed to be an unlawful reduction in the value of her PTO.

16	On or about April 24, 2020, Morgan engaged in correspondence with NCDOL regarding the legality of such a reduction to PTO value. NCDOL informed Morgan that the monetary value of previously accrued PTO could not be changed retroactively.

17	On April 27, 2020, Morgan informed CCL that she had corresponded with NCDOL regarding the PTO matter and that the DOL had informed her that CCL's reduction of PTO value was unlawful.

18	Morgan returned to work from furlough on or about May 26, 2020.

19	On or about June 3, 2020, Morgan left work on maternity leave pursuant to the Family and Medical Leave Act and company maternity benefits plan to which she was entitled, to return on or about September 24, 2020.

20      On June 30, 2020, while still on maternity leave, CCL informed Morgan that her employment had been terminated.

21      CCL's decision to terminate Morgan's employment was retaliatory for her contact with NCDOL, was retaliatory for her opposition to CCL's PTO practice, was retaliatory for her request for FMLA leave, interfered with her right to job-protected leave under the FMLA, and/or was an effort to prevent Morgan from using the benefit of maternity leave to which she was entitled.

## FIRST CAUSE OF ACTION
### Wrongful Termination in Violation of NC Public Policy

22      It is against the public policy of North Carolina to terminate an employee in retaliation for her exercise of her rights under the North Carolina Wage and Hour Act.

23      Morgan engaged in the protected activities of contacting NCDOL to express concern about an employment activity believed to be unlawful under the North Carolina Wage and Hour Act and notifying her employer of said unlawful activity.

24      CCL terminated Morgan in retaliation for her exercise of the above protected activities.

## SECOND CAUSE OF ACTION
### FMLA Interference

25      Morgan was an eligible employee as defined by the FMLA.

26      CCL was a covered employer as defined by the FMLA.

27      Morgan was eligible for leave due to the birth and/or first-year care of her child.

28      CCL interfered with the provision of FMLA leave to Morgan by terminating her while she was on FMLA leave.

29      This interference caused harm to Morgan.

## THIRD CAUSE OF ACTION
## FMLA Retaliation

30      Morgan was an eligible employee as defined by the FMLA.

31      CCL was a covered employer as defined by the FMLA.

32      Morgan was eligible for leave due to the birth and/or first-year care of her child.

33      CCL subjected Morgan to the adverse employment action of termination.

34      There was a causal connection between Morgan's protected activity of requesting FMLA leave and her termination.

## FOURTH CAUSE OF ACTION
## ERISA § 510

35      Morgan engaged in the protected activity of exercising her rights under CCL's employee welfare plan governing maternity leave.

36      CCL subjected Morgan to the adverse employment action of termination.

37      There was a causal connection between Morgan's protected activity and her termination.

-6-

## FIFTH CAUSE OF ACTION
## NC Wage and Hour Act

38    Morgan was entitled to paid time off pursuant to the company benefits plan, to be paid at the wage she was earning when her paid time off accrued.

39    CCL undervalued Morgan's paid time off at the rate she was earning at the time her leave was *taken*, rather than at the rate she earned at the time it accrued.

## PRAYER FOR PUNITIVE DAMAGES

40    As to Morgan's claim of Wrongful Termination in Violation of NC Public Policy, CCL is liable for compensatory damages and at least one of the following factors was present and related to the conduct for which it is liable:

    **40.1**    Fraud;

    **40.2**    Malice; and/or

    **40.3**    Willful or wanton conduct.

41    Officers, directors, and/or managers of CCL participated in and/or condoned the conduct constituting the aggravating factor giving rise to punitive damages.

## JURY TRIAL REQUESTED

42    Morgan requests a jury trial on all issues so triable.

WHEREFORE, Plaintiff requests that this Court:

1    Find for the Plaintiff and against the Defendant on all causes of action raised herein;

2	Award the Plaintiff damages, including punitive and/or liquidated damages, in an amount to be proved at trial;

3	Tax the costs of this action against Defendant and award Plaintiff with her reasonable attorney's fees;

4	Award Plaintiff with all equitable relief available to her; and

5	Grant all such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 21st day of September, 2021.*

/s/ CRAIG HENSEL
*Attorney for Plaintiff*
NC State Bar No. 40852
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438
Phone: (336) 218-6466
Fax: (336) 218-6467
craig.hensel@hensellaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, I electronically filed the foregoing Complaint and Jury Request with the Clerk of Court using the CM/ECF system, and upon return of a completed Summons, will serve all parties to this matter via US Mail, Certified, Return Receipt to:

>Center for Creative Leadership
>c/o Bradley Shumaker
>One Leadership Place
>Greensboro, NC 27410
>*Registered Agent for Defendant*

>/s/ **CRAIG HENSEL**
>*Attorney for Plaintiff*
>NC State Bar No. 40852
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>craig.hensel@hensellaw.com